# APPELLATE DIVISION

OF THE

## SUPREME COURT

OF THE

## STATE OF NEW YORK

---

NATIONAL BUTCHERS AND DROVERS BANK, Plaintiff, *v.* ELIAS GOTTFRIED, Appellant, Respondent, Impleaded with FINANCIAL CONSULTANTS CORPORATION and Others, Defendants, and EDWARD RUBIN, Respondent, Appellant.

First Department, June 3, 1927.

Bills and notes — action on promissory note given in payment of subscription for stock of corporation — maker of note alleges that he was induced to subscribe to stock through false representation and that plaintiff knew of fraud at time it accepted note — counterclaims — person committing fraud was properly made party defendant — counterclaim by maker of note against said person was erroneously stricken from answer — second counterclaim, alleging conspiracy on part of plaintiff bank and person committing fraud, was sufficient.

This is an action to recover on a promissory note where the maker of the note pleaded as a counterclaim that he was induced to subscribe for certain stock through the false representation of the defendant, respondent, appellant, and that the note was given in part payment of said stock. The defendant maker also alleges that the plaintiff knew of the fraud at the time it received the note. The person committing the fraud was properly made a party to this action, for the maker would have a cause of action against both the plaintiff herein and the defendant committing the fraud to recover the moneys fraudulently obtained from the maker and received by the plaintiff with knowledge of the fraud. It was error, therefore, for the court to strike out said counterclaim.

The second counterclaim, alleging not only fraud, but that the plaintiff bank conspired with the other defendants, is sufficient, and the court properly refused to strike it out.

APPEAL by the defendant, Elias Gottfried, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1926, as grants the motion of defend-

First Department, June, 1927.                    [Vol. 221

ant Edward Rubin to strike from the answer of defendant Elias Gottfried the first counterclaim as against said Edward Rubin.

Appeal by the defendant, Edward Rubin, from so much of said order as denies his motion to strike out his name as a party defendant and to strike out the second counterclaim in the answer of defendant Elias Gottfried or to dismiss the counterclaim as against said appellant.

*Allan R. Campbell* of counsel [*Charles E. Scribner* with him on the brief; *Rabenold & Scribner,* attorneys], for the appellant, respondent.

*Joseph Fischer* of counsel [*House, Grossman & Vorhaus,* attorneys], for the respondent, appellant.

MERRELL, J.   We are of the opinion that the defendant Edward Rubin was properly joined as a party defendant herein, and that the court at Special Term properly refused to strike out his name as a party defendant.   In the first counterclaim set forth in the answer of the defendant Gottfried, the said defendant alleges that he was induced to subscribe for the stock of defendant Certified Food Stores, Inc., through and by reason of false representations made to him by the defendants Rubin, and that, in reliance upon such false representations, the said defendant paid to the defendant Jacob H. Rubin the sum of $5,000 and executed the note in suit for $17,500 and delivered the same to the said defendant Jacob H. Rubin in payment of the subscription of the defendant Gottfried for said stock, and the defendant in his first counterclaim alleges that said payment was made and said note came to the plaintiff with notice to the plaintiff of the fraud which he alleges was thus perpetrated upon him, and that the plaintiff received the proceeds of defendant's said check and said note with notice that the same were procured through false statements and representations made for the purpose of deceiving and which did deceive the defendant Gottfried into making said subscription for said stock and into making and delivering said check and note in payment of said subscription.   The law is well settled that a recovery back may be had from one who receives moneys with knowledge that they were obtained by fraud.   It follows that the defendant Gottfried would have a cause of action against the plaintiff along with the other defendants in the action to recover the moneys fraudulently obtained from him by the defendants and received by the plaintiff with knowledge of the fraud under which the note in suit was made and the $5,000 paid.   The court, therefore, erred in striking from the answer of the defendant Gottfried the first counterclaim therein contained.

The second counterclaim not only alleged that the note was made and the moneys paid as the result of a fraud perpetrated upon the defendant Gottfried with the knowledge of the plaintiff, but alleges that the plaintiff bank conspired with the other defendants, including the defendant Edward Rubin, to obtain from the defendant Gottfried the said $5,000 and the promissory note in suit. The court correctly held the second counterclaim set forth in the defendant Gottfried's answer was good.

The order appealed from should be modified by denying the motion to strike out the first counterclaim contained in said answer as against the defendant Edward Rubin, and as so modified affirmed, with ten dollars costs and disbursements of this appeal to the appellant Gottfried against the respondent Edward Rubin, with leave to said defendant Rubin to answer within twenty days upon payment of said costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Order modified by denying the motion to strike from the answer of the defendant Elias Gottfried the first counterclaim therein contained, as against the defendant Edward Rubin, and as so modified affirmed, with ten dollars costs and disbursements to the defendant Elias Gottfried against the defendant Edward Rubin, with leave to the defendant Edward Rubin to answer within twenty days from service of order upon payment of said costs.